ORIGINAL

THIS DOCUMENT CONTAINS SENSITIVE DATA



FILED-USDC-NDTX-DA
'25 MAR 10 AM 11:52
KNB

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

CASE NO. **3-25CV0591-D**

In re: **JOSEPH STANLEY TROTTER IV©** -Plaintiff

v.

**NORTH TEXAS TOLLWAY AUTHORITY (NTTA),
JAMES HOFFMANN,
HORATIO PORTER,
DENA STROH,**

-Defendants

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. This is an action for damages and injunctive relief pursuant to **42 U.S.C. § 1983** arising from **violations of Plaintiff's constitutional rights** by the North Texas Tollway Authority (NTTA) and its officials.
2. Defendants engaged in **fraudulent judicial proceedings, due process violations, and unlawful deprivation of property** by illegally removing a **matured $500 million lien** without service of process or jurisdiction, in direct violation of Plaintiff's constitutional rights.
3. Defendants' actions constitute **fraud upon the court**, conspiracy, and intentional deprivation of due process rights under the **Fourteenth Amendment.**

1

## II. JURISDICTION AND VENUE

4. This Court has **subject matter jurisdiction** Under 28 U.S.C. § 1331, this case involves federal questions relating to violations of the U.S. Constitution. Under 28 U.S.C. § 1343(a)(3), federal jurisdiction is proper as this case seeks redress for the deprivation of rights, privileges, and immunities secured by the Constitution. Additionally, Plaintiff's claims involve fraud upon the court, a federal issue recognized in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).
5. Venue is proper in the **Northern District of Texas** pursuant to **28 U.S.C. § 1391(b)** because **the Defendants reside in this district and the actions giving rise to this lawsuit occurred here.**

## III. PARTIES

6. **Plaintiff Joseph Trotter** is a resident of Texas and the secured party to a legally matured lien filed against NTTA.
7. **Defendant North Texas Tollway Authority (NTTA)** is a governmental entity operating in Texas, responsible for tollway management. Defendant NTTA, as a public tollway authority, is not entitled to sovereign immunity in this case because it engaged in fraudulent judicial conduct in excess of its authority. In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court held that state actors violating constitutional rights are subject to federal review. Additionally, NTTA's fraudulent scheme does not involve legitimate government function but rather an unlawful conspiracy to deprive Plaintiff of property, rendering immunity inapplicable.
8. **Defendant James Hoffmann** is an officer of NTTA and directly participated in fraudulent filings related to Plaintiff's lien.
9. **Defendant Horatio Porter** is an NTTA executive responsible for financial decisions that deprived Plaintiff of his property rights.
10. **Defendant Dena Stroh** is General Counsel for NTTA and actively conspired in depriving Plaintiff of due process.

## IV. FACTUAL ALLEGATIONS

11. On or about **June 28, 2022** Plaintiff lawfully filed a **UCC-1 lien against NTTA**, which matured and remains valid.
12. NTTA, through its officials, engaged in **fraudulent judicial maneuvers to remove this lien without due process**, including filing false documents in court.
13. **Plaintiff was never served notice** of the proceedings, violating his **Fourteenth Amendment right to due process.**

2

14. The judicial findings issued in August 2, **2022** only addressed three individuals—**Hoffmann, Porter, and Stroh**—but never invalidated the lien against NTTA as an entity.
15. NTTA's fraudulent legal filings **unlawfully removed Plaintiff's lien from official records** without a legitimate court order.
16. Plaintiff has suffered **severe financial harm**, including financial loss exceeding **$600 million** due to the deprivation of property rights, lost financial opportunities, and reputational damage caused by Defendants' fraudulent actions. A preliminary calculation of damages, interest accrual, and financial losses will be provided in supplemental exhibits., reputational damage, and unlawful deprivation of property as a direct result of Defendants' actions.

## V. CLAIMS FOR RELIEF

### COUNT ONE – VIOLATION OF DUE PROCESS (FOURTEENTH AMENDMENT) UNDER 42 U.S.C. § 1983

17. Plaintiff incorporates all preceding allegations as if fully set forth herein.
18. Defendants deliberately deprived Plaintiff of due process by orchestrating a fraudulent judicial action, without service, notice, or hearing, in direct violation of the Fourteenth Amendment. As stated in Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 85 (1988), 'a judgment entered without proper notice is void.'.
19. Defendants acted outside lawful authority and with intent to obstruct justice.
20. As a direct result, Plaintiff has suffered financial loss exceeding **$600 million.**

### COUNT TWO – FRAUD UPON THE COURT

21. Defendants engaged in fraud upon the court by knowingly filing false judicial findings, misleading the court into issuing an illegitimate order, and failing to notify Plaintiff, thereby violating his right to due process. Under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), fraud upon the court renders judicial orders void ab initio. Because these fraudulent findings directly impacted Plaintiff's financial interests and property rights, immediate judicial intervention is warranted..
22. Fraud upon the court **renders judicial findings void ab initio**, as established in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, which held that judgments procured through fraud upon the court are not merely voidable but must be set aside in the interest of justice. and demands immediate corrective relief.

### COUNT THREE – CONSPIRACY TO DEPRIVE RIGHTS

23. Defendants conspired to violate Plaintiff's constitutional rights by **colluding to fraudulently remove the lien**.
24. Defendants conspired to violate Plaintiff's constitutional rights by engaging in a deliberate scheme to manipulate judicial proceedings and fabricate legal findings to

3

unlawfully erase a financial lien without due process. As held in Dennis v. Sparks, 449 U.S. 24, 29 (1980), private actors who conspire with state officials to violate constitutional rights are jointly liable under 42 U.S.C. § 1983.*

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Issue a declaratory judgment** that Defendants violated Plaintiff's constitutional rights under the **Fourteenth Amendment**.
2. **Award compensatory damages** of no less than **$600 million** for financial harm caused by Defendants' fraudulent actions.
3. **Award punitive damages** in an amount sufficient to deter similar future misconduct.
4. **Vacate all fraudulent judicial findings** that attempted to remove Plaintiff's lien without due process.
5. **Issue a temporary restraining order (TRO) and an injunction preventing further interference** with Plaintiff's legal financial claims, ensuring that Defendants do not take any additional actions to unlawfully remove or obstruct Plaintiff's lien while this case is pending.
6. Appoint a federal receiver over NTTA to prevent further unlawful financial and legal manipulations. Federal receivership is warranted under 28 U.S.C. § 3103, as NTTA's misconduct has created an immediate risk of financial mismanagement and continued due process violations.
7. **Award attorney's fees and costs** under **42 U.S.C. § 1988**.
8. Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a **trial by jury** on all issues so triable.

**Respectfully submitted,**

*[signature]*

Joseph Stanley Trotter IV©, Pro Se
17766 Preston Rd #207, Dallas, Texas 75252
jtrotter@9imperial.com, 945-444-3344

ALL RIGHTS RESERVED. WITHOUT RECOURSE

4